BRAFMAN & ROSS, P.C.
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906

BENJAMIN BRAFMAN
CHARLES A. ROSS

CHRISTOPHER L. PADURANO
JENNIFER A. LIANG
MELINDA SARAFA
ANDREA ZELLAN

MARK M. BAKER
OF COUNSEL

November 10, 2004

***Via Electronic Filing and Federal Express***
The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: United States v. Joseph Braude
Criminal Docket No. 03-1009 (ARR)

Dear Judge Ross:

I am enclosing for Your Honor's consideration a Sentencing Memorandum that we respectfully provide at this time in order to aid this distinguished Court in arriving at a just sentence in Joseph Braude's case.

In the Sentencing Memorandum, we request that this Court not impose any period of incarceration when fashioning the sentence. Simply put, we do not believe that when all of the facts and circumstances of this rather unusual case are carefully considered, it would be fair or consistent with the interests of justice to incarcerate Joseph, who despite his felony conviction is rather a remarkable young man and whose life may yet fulfill its extraordinary promise. Already at the age of only thirty, Joseph is known as a gifted Middle East scholar who has written a well received book on rebuilding Iraq, The New Iraq. Further, Joseph has provided heroic service to this country over the course of many years, as a private citizen clandestinely investigating, at the behest of the FBI, the CIA and other law enforcement agencies, international terrorist organizations operating in this country. We firmly believe that a sentence without incarceration offers Joseph the best chance to continue to contribute to society in the numerous ways he is uniquely qualified to do so due to his knowledge of the Middle East, its languages, cultures and peoples.

We recognize that this Court has wide discretion in this case to determine the appropriate Guidelines level as applied to the facts of this case and whether to impose a sentence that does or does not include any period of incarceration. We respectfully join in the requests of those who have written on Joseph's behalf urging Your Honor not to incarcerate this very decent, complicated but quite extraordinary young man.

Many months ago, when this firm was asked to represent Joseph, we were told that he could "not afford" the fees this firm customarily charges for such a case. We were also told, however, that procuring good representation for Joseph was of the utmost importance because he was not only a wonderful person but someone who had truly performed invaluable service for the United States and accordingly deserved our help.

After meeting with Joseph, we agreed with that assessment and undertook to zealously represent him, despite the fact that he truly had very limited funds. From the start, it was our hope that we could secure a result that offered Joseph the best chance to continue contributing to society. Then, after months of effort we secured a "proffer" session only to see it go down in flames as a result of Joseph's well intentioned, although obviously inappropriate conduct. This further compounded Joseph's problems, and at same time heightened this firm's responsibility, because it became apparent that defending Joseph at trial was perhaps the only way to secure a sentence that did not include incarceration, either by obtaining an acquittal or, if that failed, by allowing this Court to get at least a "flavor" for where Joseph fits in among the vast array of criminal cases this Court sees sitting in one of the busiest federal districts in the country.

Ultimately, as Your Honor knows, Joseph chose to plead guilty, but only after much deliberation and in the face of his mother's and brother's fears that he would be incarcerated and lost to them for an extended period of time. So, here we find ourselves begging for Your Honor's understanding and compassion.

If ever there was a case where a defendant did not need to be imprisoned in order to secure the true ends of justice, this is that case and this is that person. We truly hope that Your Honor agrees and that this Court receives these comments and the enclosed Sentencing Memorandum in the respectful manner in which they are intended.

Respectfully,

Benjamin Brafman

cc. Deborah Sue Mayer, Esq.
(Assistant United States Attorney)

Mark Gjelaj
(Senior U.S. Probation Officer)

Clerk of the Court (ARR)

Joseph Braude