BRAFMAN & ROSS, P.C.
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906

BENJAMIN BRAFMAN
CHARLES A. ROSS

CHRISTOPHER L. PADURANO
JENNIFER A. LIANG
MELINDA SARAFA
ANDREA ZELLAN

MARK M. BAKER
OF COUNSEL

November 19, 2004

***Via Electronic Filing and Hand Delivery***
The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: United States v. Joseph Braude
Criminal Docket No. 03-1009 (ARR)

Dear Judge Ross:

As Your Honor is aware, this firm represents Joseph Braude, who is scheduled to be sentenced by this Court on November 22, 2004, at 11:00 a.m. Counsel apologizes for the lateness of this letter, but after careful and further consideration of the letters submitted to Your Honor on Joseph Braude's behalf and after reading the government's November 17, 2004 letter, we are compelled to write.

This letter is respectfully submitted in conjunction with the Sentencing Memorandum to further assist the Court in arriving at a just and fair sentence in this case and to support an application that the Court should also consider downwardly departing pursuant to U.S.S.G. §§ 5H1.11, 5K2.0(a)(4), due to the Joseph's extraordinary service on behalf of this nation's law enforcement agencies investigating international terrorism.

A sentencing court has the discretion to downwardly depart from the applicable guideline range if in fact the defendant in question has demonstrated an "extraordinary" record of public service. Pursuant to Section 5H1.11 of the Sentencing Guidelines ("Guidelines"), a defendant's "[m]ilitary, civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." (Emphasis added).

Section 5K2.0(a)(4) of the Guidelines, however, expressly provides that such good works may be taken into account. See also Koon v. United States, 518 81, 96 (1996).

A number of courts, in this district and others, have departed based, in whole or part, on the defendant's prior record of good works. For example, in United States v. Bruder, the court departed downward based on a combination of defendant's care for his quadriplegic brother, his military service, and his notable record as a police officer. 103 F.Supp. 155, 183 (E.D.N.Y. 2000); see also United States v. Green, 249 F.Supp.2d 262, 264 (S.D.N.Y. 2003) (granting departure due to extraordinary charitable works); United States v. Mehta, 307 F.Supp.2d 270, 271 (granting departure due to extraordinary service to defendant's religious community).

The Sentencing Memorandum highlighted for this Court's attention the extraordinary public service work Joseph Braude performed on behalf of this country's law enforcement agencies in connection with their investigations of international terrorism. At great personal risk to his safety, Joseph did so never seeking recognition, honors or material gain. Further, Joseph did so at a remarkably young age, starting when he was still in college. Joseph's extensive efforts and invaluable contributions continued over the course of many years. His public service was truly extraordinary.

We respectfully request this Court consider this additional factor when determining the appropriate sentence to impose.

Respectfully,

Benjamin Brafman

cc. Deborah Sue Mayer
(Assistant United States Attorney)

Mark Gjelaj
(Senior U.S. Probation Officer)

Clerk of the Court (ARR)